```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :
                                                :    CASE NO. 5:11-CR-328
        Plaintiff,                              :
                                                :
    v.                                          :    OPINION & ORDER
                                                :    [Resolving Docs. No. 77, 78, 79]
DAZZLE JOE YOUNG,                               :
                                                :
        Defendant.                              :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 8, 2012, a jury convicted Dazzle Joe Young of having both a felony conviction and a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] On March 26, 2012, Young moved the Court for a new trial under Federal Rule of Criminal Procedure 33[2] and for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c)[3]. The Government responded.[4] Because the jury verdict was supported by sufficient evidence, the Court **DENIES** Young's motions.

## I. Background

The Government's case against Young arose from a controlled purchase of a firearm executed by two confidential informants, Patricia Stanley and Michelle Dean.[5] Akron Police Detective Shawn Brown planned the purchase.[6] Brown had previously arrested Stanley for drug-related crimes, thereafter enlisting Stanley and her friend, Dean, to work as informants in exchange

---

[1] Doc. 69.
[2] Doc. 78.
[3] Doc. 77.
[4] Doc. 79.
[5] Doc. 78 at 5; 79 at 3.
[6] *See, e.g.*, doc. 74 at 24.

Case No. 5:11-CR-328
Gwin, J.

for a reduced charge.[7] Both Dean and Stanley were recovering drug addicts with extensive criminal records.[8] Dean had told Detective Brown that Dazzle Young had offered to sell her a gun.[9] And Detective Brown told Stanley and Dean to follow-up with Young about having Young sell a firearm.[10]

After the informants had done so, on June 20, 2011, Detective Brown met with ATF Agent Chuck Turner, Akron Detective Pam Brown, and Stanley and Dean, at a debriefing location before proceeding to Young's home.[11] To make sure Stanley and Dean did not possess a firearm before the purchase, Detective Pam Brown searched them, and the other officers searched the informants' vehicles.[12] Detective Shawn Brown gave Stanley and Dean pre-copied money and a audio transmitting device.[13] The group divided into three cars, with Stanley and Dean in their own vehicle.[14] The officers followed and surveilled the informants as they drove to Young's home.[15]

When they arrived, Dean and Stanley proceeded inside the home.[16] According to the informants, after a brief discussion with Young, they purchased the firearm.[17] They say they discussed with Young the firearm's rusty condition and also a future firearm purchase by Stanley.[18]

---

[7] *See, e.g., id.* at 43, 61.
[8] *See, e.g., id.* at 44, 78.
[9] *See id.* at 69.
[10] *Id.* at 25.
[11] *Id.* at 26-27.
[12] The officers and informants had met at the debriefing location earlier that day, where the officers conducted the same search of the informants and their vehicles. *Id.* After traveling to Young's home, however, the informants were unable to make contact with Young. *Id.* at 28. But, later in the day, Dean and Stanley communicated with Young. *Id.* After, the officers and informants met again at the debriefing location, and again the officers searched the informants. *Id.* at 29.
[13] *Id.* at 27.
[14] *Id.* at 28.
[15] *Id.*
[16] *Id.* at 50-51.
[17] *See, e.g., id.* at 56.
[18] *See, e.g., id.* at 58.

Case No. 5:11-CR-328
Gwin, J.

Detective Shawn Brown listened to the audio transmission while the informants conducted the purchase.[19] After the informants purchased the firearm, they drove back to the debriefing spot.[20] The officers followed and surveilled them.[21] Upon their return, the officers again searched Dean, Stanley, and their vehicle—this time finding the gun they had purchased from Young.[22]

Thereafter, the Government indicted Young on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[23] On February 8, 2012, a jury found Young guilty.[24] Now, Young has moved the Court for a new trial under Federal Rule of Criminal Procedure 33[25] and for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c)[26]. The Government has responded,[27] and the motions are ripe for adjudication.

## II. Legal Standard

*A. Rule 29 Standard*

A Rule 29(c) motion for judgment of acquittal is a challenge to the sufficiency of the evidence, raised following a jury verdict or discharge.[28] When reviewing a sufficiency of the evidence claim, a court must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[29]

---

[19] *Id.* at 46.
[20] *Id.* at 32.
[21] *Id.*
[22] *Id.*
[23] Doc. 78 at 2.
[24] Doc. 69.
[25] Doc. 78.
[26] Doc. 77.
[27] Doc. 79.
[28] *See* Fed. R. Crim. P. 29(c).
[29] *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Case No. 5:11-CR-328
Gwin, J.

In undertaking this analysis, the court can neither independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial.[30] After a review of the evidence, a court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not "'remove every reasonable hypothesis except that of guilt.'"[31] In making this evaluation, the sufficiency of the evidence must be viewed in terms of the entirety of the record.[32] Circumstantial evidence standing alone may sustain a conviction so long as the totality of the evidence is substantial enough to establish guilt beyond a reasonable doubt.[33]

B. *Rule 33 Standard*

Alternatively, Young says the Court should grant him a new trial under Federal Rule of Criminal Procedure Rule 33(a).[34] A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence."[35] Generally, a motion for a new trial under Rule 33(a) should only be granted "in the extraordinary circumstances where the evidence preponderates heavily against the verdict."[36]

In considering a Rule 33(a) challenge to a conviction based on the weight of the evidence, a court can "consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that . . . [the judge] sits as a thirteenth

---

[30]*See United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996), *cert. denied sub nom.*, *Parker v. United States*, 519 U.S. 1134 (1997).
[31]*United States v. Jones*, 102 F.3d 804, 807 (quoting *United States v. Clark*, 928 F.2d 733, 736 (6th Cir. 1991) (per curiam)).
[32]*United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984).
[33]*Id.*
[34]Doc. 78 at 1.
[35]*United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007).
[36]*Id.* at 593 (citation omitted).

Case No. 5:11-CR-328
Gwin, J.

juror."[37]

*C. Rule 29 and Rule 33 Together*

Thus, while Rule 29(c) and Rule 33(a) deal with similar issues, the two rules are governed by different legal standards. On a motion for judgment of acquittal, under Rule 29(c), a court is required to approach the evidence from a standpoint most favorable to the government, and to assume the truth of its evidence. On a motion for new trial pursuant to Rule 33(a), the power of a court is broader because a court may weigh the evidence and consider witness credibility.[38]

Because the Rule 33 standard is more favorable to Young, the Court first addresses Young's arguments under that rule. Accordingly, because the Court finds that Young's evidence does not show that he is entitled to a judgment of acquittal or new trial under Rule 33(a), the Court will not address Young's argument under Rule 29(c).

### III. Analysis

Young says that he is entitled to a new trial under Rule 33 because "the government's entire case hinges on the credibility of Patricia Stanley and Michelle Dean, two drug addicts with substantial criminal records."[39] He says that, because the "government was unable to present any trustworthy evidence corroborating [the informants'] testimony at trial," his conviction is a miscarriage of justice.[40] The Court disagrees.

As a threshold matter, the quality of the evidence and witness credibility are issues for the jury. The Sixth Circuit has said that "[a]ttacks on witness credibility are simple challenges to the

---

[37] *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (internal quotation omitted).
[38] *See United States v. Solorio*, 337 F.3d 580, 589 n.6 (6th Cir. 2003).
[39] Doc. 78 at 2.
[40] *Id.*

-5-

Case No. 5:11-CR-328
Gwin, J.

quality of the government's evidence and not the sufficiency of the evidence."[41] Thus, to the extent Young is attacking the informants' credibility because of their drug abuse and criminal histories, his motion is improper.

To the extent Young challenges the sufficiency of the evidence against him, after weighing the evidence and the witnesses' credibility, the Court finds that the evidence supporting Young's conviction was sufficient because the Government used a controlled purchase and corroborated its informants' testimony. First, the Government used the informants to make a controlled firearm purchase from Young. Specifically, the officers searched the informants and their vehicles before and after they traveled to Young's home.[42] Put simply, the officers made sure that the informants did not possess a gun before they made their purchase from Young. Moreover, the officers surveilled Stanley and Dean as they drove to and from Young's house, again to make sure they did not obtain a firearm from someone other than Young.[43]

Additionally, the Government corroborated the information it obtained from the informants. First, the informants testified consistently. Both Stanley and Dean said that they entered Young's home,[44] went to his basement,[45] discussed the rusty condition of the gun,[46] talked about its need for "A-1" oil,[47] and purchased the gun[48]. Second, Detective Shawn Brown listened to the audio transmission in real-time, where he said he heard the informants and Young discuss the transaction,[49]

---

[41] *United States v. Gibbs*, 182 F.3d 408, 424 (6th Cir. 1999) (quoting *United States v. Sanchez*, 928 F.2d 1450, 1457 (6teh Cir. 1991).
[42] *See, e.g.*, doc. 74 at 29, 32.
[43] *See, e.g.*, *id.* at 32.
[44] *Id.* at 56 (Stanley); *Id.* at 75 (Dean).
[45] *Id.* at 56 (Stanley); *Id.* at 75 (Dean).
[46] *Id.* at 58 (Stanley); *Id.* at 77 (Dean).
[47] *Id.* at 58 (Stanley); *Id.* at 77 (Dean).
[48] *Id.* at 57 (Stanley); *Id.* at 76 (Dean).
[49] *Id.* at 31.

Case No. 5:11-CR-328
Gwin, J.

the rusty condition of the gun,[50] and its need for gun oil.[51] Thus, after considering the weight of the evidence and the credibility of the witnesses, and because the Government used a controlled purchase and corroborated the informants' testimony, the Court finds that the jury's verdict was not against the manifest weight of the evidence.

### IV. Conclusion

For the reasons above, the Court **DENIES** Young's motion for a new trial and motion for a judgment of acquittal.

IT IS SO ORDERED.

Dated: March 15, 2013               s/      *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[50] *Id.*
[51] *Id.*