UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

```
DAZZLE JOE YOUNG,                        :
                                         :    CASE NO. 1:11-CR-00328
             Petitioner,                 :
                                         :
v.                                       :    OPINION & ORDER
                                         :    [Resolving Doc. 116]
UNITED STATES OF AMERICA,                :
                                         :
             Respondent.                 :
```
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 13, 2015, the Court held an evidentiary hearing on Petitioner Dazzle Joe Young's motion to vacate his conviction under 28 U.S.C. § 2255.[1] Young argues that his lawyer, Charles Fleming, provided ineffective assistance of counsel during trial. For the following reasons, the Court **DENIES** Young's petition, and **DENIES** Young's request for appointment of counsel.

### I. Background

On October 8, 2012, a jury found Young guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[2] The Court sentenced Young to 188 months of imprisonment.[3] After the Sixth Circuit affirmed Young's conviction and sentence on direct appeal,[4] Young timely filed his § 2255 petition.

At trial, the Government presented evidence that Young sold a firearm to two confidential

---

[1] Doc. 116.
[2] Doc. 69.
[3] Doc. 84.
[4] Doc. 114.

Case No. 1:11-CR-00328
Gwin, J.

informants out of his Akron, Ohio, home on June 20, 2011. The informants created a low-quality audio recording of the sale.

Young's counsel filed a motion in limine to exclude the recording from trial, noting that it "contains substantial portions of inaudible conversation, and appears to contain anomalies that raise serious questions about whether 'changes, additions or deletions' have been made to the recording."[5] The Government agreed not to use the recording.[6] Instead, a detective who monitored the sale in real time testified he was familiar with Young's voice and heard Young sell the informants a gun.

Young makes two arguments. First, Young argues that Mr. Fleming should have introduced the audio of the recording at trial. Young maintains that his voice was not on the recording. Had the jury heard the recording, they would have agreed and acquitted Young as a result.

Second, Young argues that Fleming failed to call certain witnesses and did not perform an adequate pretrial investigation. Young submits affidavits from Fred Alvarez and Jackie Birch. Both affiants state that they were present in the house when the sale was made and that they contacted Mr. Fleming in order to testify but received no response. According to Mr. Birch, Preston Young – the Petitioner's brother – told Mr. Birch that he, not the Petitioner, sold the gun in question. Young maintains that he would have been acquitted had Birch or Alvarez been called to testify.[7]

Finally, Young requests the appointment of counsel.

## II. Standards

Young must prove his allegation that Mr. Fleming was constitutionally ineffective by a

---

[5] Doc. 32 at 3.
[6] Doc. 54.
[7] Doc. 116.

-2-

Case No. 1:11-CR-00328
Gwin, J.

preponderance of the evidence.[8] In doing so, Young must satisfy the two-pronged test outlined in *Strickland v. Washington*.[9] First, Young must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[10] In doing so, the Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[11]

Review of counsel's decisions is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."[12]

Second, Young must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[13]

### III. Analysis

**A. Exclusion of Voice Recording**

At the evidentiary hearing, Mr. Fleming was called to testify and explained his decision to file a motion in limine to exclude the voice recording. Mr. Fleming's testimony – which went virtually unchallenged by the Petitioner – showed that the decision to exclude the recording, rather than offer it as evidence, was well within the range of professionally competent assistance.

---

[8] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).
[9] 466 U.S. 668 (1984).
[10] *Id*. at 688.
[11] *Id*. at 690.
[12] *Id*. at 690-91.
[13] *Id*. at 695.

Case No. 1:11-CR-00328
Gwin, J.

First, Mr. Fleming stated that he informed Young of the strategic decision try to exclude the recording – a decision that, at the time, Young agreed with.[10] Mr. Fleming explained that the admission of the recording was a risky proposition. The voice on the tape sounded similar to Young's, and the jury might find, based on the recording, that Young actually made the sale. Furthermore, had Young taken the witness stand to argue that the his voice was not on the recording, the Government could have cross-examined Young on the underlying facts and impeached him with his extensive criminal history.[11] Mr. Fleming concluded that convincing the Government not to use the tape at trial was "a small victory."[12]

To succeed on his claim, Young first "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Based on the considerable risks inherent in presenting the recording to the jury, Mr. Fleming's decision not to offer the recording as defense evidence qualifies as sound trial strategy.[13] Therefore, the Court **DENIES** Young's first ground for relief.

**B. Adequacy of Pretrial Investigation**

Next, Young argues that Mr. Fleming failed to perform an adequate pretrial investigation and failed to respond to contact from witnesses that would have exculpated Young at trial. Mr. Fleming, however, detailed his pretrial investigative steps and noted that Young did not timely identify the witnesses now submitting affidavits in Young's favor. Again, Mr. Fleming's testimony went virtually unchallenged by Young on cross-examination.

---

[10] Hr'g Tr. at 13.
[11] *Id.* at 13-15.
[12] *Id.* at 15.
[13] *Strickland*, 466 U.S. at 689.

Case No. 1:11-CR-00328
Gwin, J.

Young initially told Mr. Fleming that Young's son, daughter, and infant nephew were the only other individuals present in the home when the alleged sale was made. Young only gave Mr. Fleming his children's names, and instructed Mr. Fleming to contact Young's wife, Molly Young, in order to reach them. Mr. Fleming repeatedly contacted Molly Young and requested contact with Mr. Young's children. Young's children never contacted Mr. Fleming, who was left with the impression that "they didn't want to be involved" in the case.[14]

At some point closer to trial, Young told Mr. Fleming that two other individuals were present in the house, and that one of them had actually sold the gun. Young could only identify these individuals as "Fred" and "Big Mike," both with last names unknown. Neither Young nor his wife could provide any additional identifying information or way to reach these individuals.[15]

Mr. Fleming testified that he never received calls from affiants Fred Alvarez or Jackie Birch, and had not heard of either individual prior to reading Young's petition. Mr. Fleming further explained that it was his practice to record all contact with potential witnesses and to follow up on calls to his office. Mr. Fleming was never given any indication that Preston Young might have sold the firearm instead of the Petitioner. Mr. Fleming concluded that Young withheld the identity of the seller because Young "represented to me he didn't want to get the person in any more trouble."[16]

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."[17] Based on Mr. Fleming's unchallenged testimony, Mr. Fleming made numerous attempts to reach out to witnesses that Young said were present at the

---

[14] Hr'g Tr. at 8.
[15] *Id.* at 9.
[16] *Id.* at 12.
[17] *Strickland,* 466 U.S. at 691.

Case No. 1:11-CR-00328
Gwin, J.

house. Mr. Fleming, with no avenues to reach the individuals known only as "Fred" and "Big Mike" acted reasonably in not pursuing these witnesses. Young stated, "I never knew Fred's last name until after my trial" and was only able to tell Mr. Fleming that Fred could be located in Miami, Florida.[18]

"The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."[19] Mr. Fleming's investigation appears to have been limited by the information Young was willing or able to provide. Mr. Fleming was unsuccessful in reaching Young's children because he was only given access to them through an intermediary. Furthermore, Young appeared to have withheld full information from Mr. Fleming in the interest of shielding a family member.[20] Young cannot withhold information and then challenge his lawyer's decision not to investigate witnesses that Young was at the time unwilling to implicate.[21]

Thus, Young cannot satisfy the first prong of *Strickland* as to his claim of an inadequate investigation. Mr. Fleming's investigation, based on the facts known at the time and the information his client shared, was reasonable and thorough. Therefore, the Court need not reach the prejudice prong of the *Strickland* test and **DENIES** Young's second claim for relief.

**C. Appointment of Counsel**

---

[18] Hr'g Tr. at 33.

[19] *Strickland*, 466 U.S. at 691.

[20] Hr'g Tr. at 33. Young stated, "I ain't never told Fleming. I couldn't tell nobody my brother sold the gun because my brother didn't want the police involved in his business . . . ."

[21] *See Strickland*, 466 U.S. at 691. ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant).

Case No. 1:11-CR-00328
Gwin, J.

Young, as a habeas petitioner, does not have an absolute right to be represented by counsel.[22] The decision to appoint counsel rests in the Court's discretion. The Court concludes that Young's arguments lack merit. Appointment of counsel would not cure the defects in Young's petition. Thus, Young's request for appointment of counsel is **DENIED**.

### III. Conclusion

For the above reasons, the Court **DENIES** Petitioner Young's § 2255 petition in full. Further, the Court finds that the Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.[23]

IT IS SO ORDERED.

Dated: July 15, 2015      s/ *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[22] *Wright v. West*, 505 U.S. 277, 293 (1992).
[23] *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).