UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:11-cr-00328 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 149] |
| vs. | : | |
| | : | |
| DAZZLE JOE YOUNG, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Dazzle Joe Young requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposed Young's petition.[2] Young replied.[3]

For the reasons stated below, the Court **GRANTS** Young's motion for compassionate release.

I. Background

On February 9, 2012, a jury found Defendant Young guilty of one count of felon in possession of a firearm.[4] On May 3, 2012, this Court sentenced Young to 188-months imprisonment, with credit for time served since his arrest on August 1, 2011.[5]

On May 18, 2020, Young filed the instant motion for compassionate release.[6]

II. Discussion

---

[1] Doc. 149.
[2] Doc. 150.
[3] Doc. 151.
[4] Doc. 69.
[5] Doc. 84.
[6] Doc. 149.

Case No. 5:11-cr-00328
Gwin, J.

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[7]  Young petitioned his warden for compassionate release on January 22, 2020.[8]  On March 5, 2020, Bureau of Prison staff indicated that their review of the petition was ongoing.[9]  Because more than 30 days have expired since Young's initial request, he has satisfied the exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[10]  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[11]  Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[12]

Young argues that his age, 76 years, and medical conditions put him at higher risk of serious medical consequences, including death, if he contracts COVID-19.[13]  At sentencing, Young suffered from asthma, bacterial pneumonia, chest pain, congestive heart

---

[7] 18 U.S.C. § 3582(c)(1)(A)(i).
[8] Doc. 149-4.
[9] Doc. 149-1.
[10] 18 U.S.C. § 3582(a)(1)(A).
[11] *Id.*
[12] *Id.*
[13] Doc. 149.

Case No. 5:11-cr-00328
Gwin, J.

failure, coronary artery disease, depression, essential hypertension, gout, and ataxia.[14]  He continues to suffer from these ailments and now requires portable oxygen, a wheelchair, a pacemaker, and cardiac defibrillator.[15]

Young's conditions, in conjunction with the Federal Medical Center Lexington COVID-19 conditions, are extraordinary and compelling reasons that justify the grant of compassionate release.[16]  Because Young is at a greater risk for medical complications if he contracts the virus, and Lexington has had a high infection rate among staff and inmates, Young's health and life are in danger if he continues to serve his sentence at Lexington.  Moreover, granting compassionate release here accords with 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Young's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Court orders that Young shall serve his remaining months of imprisonment on supervised release, with credit given for time served.  The conditions of that supervised release include those originally imposed at Young's sentencing, with the additional requirement of home incarceration with electronic monitoring.  Young shall serve home confinement with release only as authorized by his probation officer, but Young is authorized to leave his residence for medical treatment.  After Young's period of supervised release with home confinement expires, it is to be followed by the three years of supervised release imposed at Young's sentencing, under the

---

[14] Presentence Report ¶ 76.
[15] Doc. 149-3.
[16] Commentary to FSG § 1B1.13.

-3-

Case No. 5:11-cr-00328
Gwin, J.

supervised release terms of his original sentence.[17]

Furthermore, the Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure that Young is free of COVID-19 prior to his release.

IT IS SO ORDERED.

Dated: July 20, 2020                    *s/      James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE

---

[17] Doc. 452.